# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARL AMARI,**

   **Plaintiff,**          Case No. 2:08-cv-829
                  **JUDGE GREGORY L. FROST**
   v.               Magistrate Judge Terence P. Kemp

**MICHAEL SPILLAN, et al.,**

   **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for expedited discovery and an accounting (Doc. # 23), the motion to dismiss of Rocco Pistilli and Strategic Alliance Group ("Pistilli Defendants") (Doc. # 25), and on the Pistilli Defendants' motion to strike (Doc. # 42). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Pistilli Defendants' motion to dismiss, **GRANTS** the Pistilli Defendants' motion to strike, and **GRANTS** Plaintiff's motion for expedited discovery and an accounting.

### I. Background

Plaintiff filed this action on September 2, 2008 against Michael S. Spillan, Melissa K. Spillan ("Spillan Defendants), Lisa Buccellato and ML Financial Services, Inc. ("Buccellato Defendants"), the Pistilli Defendants, and HedgeLender LLC. Plaintiff filed his amended complaint on September 22, 2008. (Doc. # 10.)

Plaintiff alleges that Defendants engaged in a fraudulently induced loan scheme in which securities owned by Plaintiff were transferred to an entity controlled by the Spillan Defendants as security for the loan with Triangle Equities Group, Inc. Plaintiff contends that he was induced to enter into the loan by false representations that the securities would be held and would not be

sold and that within one year the securities would be returned to him upon payment of a set price.  Plaintiff further alleges that the securities were sold on the public markets and when he repaid the loan, the securities were unavailable for return to him.  Plaintiff alleges causes of action under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO"), the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the common law of Ohio.  On November 26, 2008 Plaintiff filed a Motion for a Temporary Restraining Order, for Expedited Discovery, an Accounting and for Prejudgment Attachment.  (Doc. # 23.)  On that same day, the Pistilli Defendants filed a motion to dismiss.  (Doc. # 25.)

On December 1, 2008 a telephone conference was held pursuant to Local Rule 65.1, at which the parties agreed to brief the issues of expedited discovery, accounting, and the Pistilli Defendants' motion to dismiss before addressing Plaintiff's request for injunctive relief.

On December 8, 2008 the Buccellato Defendants filed their response in opposition to Plaintiff's request for expedited discovery and an accounting (Doc. # 28), the Pistilli Defendants filed their response in opposition (Doc. # 29), and HedgeLender LLC filed its response in opposition.[1]  On December 15, 2008 Plaintiff filed his reply brief to HedgeLender's opposition memorandum (Doc. # 33) and filed his reply brief to the other Defendants' opposition memoranda (Doc. # 32).

On December 8, 2008 Plaintiff filed his response in opposition to the Pistilli Defendants' motion to dismiss (Doc. # 27), and on December 15, 2008 the Pistilli Defendants filed their reply memorandum (Doc. # 36).  also on December 15, 2008 Plaintiff filed a "supplement" to his

---

[1]HedgeLender sets forth arguments related to the injunctive relief that Plaintiff has voluntarily withdrawn until this Court rules on the discovery issues currently before it.  The Court shall not address these arguments in this discovery Opinion and Order.

opposition memorandum. (Doc. # 31.) The Pistilli Defendants filed a motion to strike that supplement, or in the alternative to file a surreply. (Doc. # 42.)

## II. Analysis

### A. The Pistilli Defendants' Motion to Dismiss

Rocco Pistilli and Strategic Alliance Group, both thought to be domiciled in Canada, move for dismissal under Fed. R. Civ. P. 12(b)(5) or in the alternative, to have the return of service of summons directed towards them quashed. (Doc. # 25) Fed. R. Civ. P. 12(b)(5) permits a party to raise a defense of insufficient service of process and insufficient process, respectively, in a motion to dismiss.

Plaintiff admits that he has not yet properly served the Pistilli Defendants and therefore, consents to the quashing of the summons. Plaintiff, however, objects to the request to dismiss this action. Fed. R. Civ. P. 4(f) and 4(h) provides the requisites for service upon an individual in a foreign country and for service upon a foreign corporation. Under these rules, Plaintiff has not exhausted his means to perfect service nor has the time limit under Fed. R. Civ. P. 4(m) passed.

Consequently, the Court **GRANTS IN PART AND DENIES IN PART** the Pistilli Defendants' motion to dismiss. Specifically, the Court Orders the summons to the Pistilli Defendants **QUASHED**. Plaintiff shall be given until February 27, 2009 to effectuate proper service upon these Defendants.

### B. The Pistilli Defendants' Motion to Strike

Plaintiff filed a supplemental memorandum in support of its memorandum in opposition to the Pistilli Defendants' motions to dismiss. (Doc. # 31.) Plaintiff contends that it has found supplemental law that it would like to add to its argument opposing the motion to dismiss. The

Pistilli Defendants move to strike this supplement or in the alternative to file a surreply. (Doc. # 42.)

S.D. Ohio Civ. R. 7.2(a)(2) allows the party opposing a motion to file an opposition brief; and the party filing a motion to support it with an opening brief and a reply brief. "No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2) . Plaintiff has neither requested leave of Court to file his supplemental memorandum nor has he shown the good cause necessary to comply with Rule 7.2. Moreover, Plaintiff failed to consult with the Pistilli Defendants as required by subsection (d) of Local Rule 7.2.

Consequently, the Court **GRANTS** the Pistilli Defendants' motion to strike. *See CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 945 (S.D. Ohio, 2007) (striking supplemental memorandum in opposition to motion to dismiss filed without leave); *Teasdale v. Heck*, 499 F. Supp.2d 967, 968 (S.D. Ohio, 2007) (same). However, the Court notes that there is nothing in Plaintiff's supplemental memorandum that would have changed this Court's analysis of the Pistilli Defendants' motions to dismiss.

**C. Plaintiff's Motion for Expedited Discovery and an Accounting**[2]

Plaintiff requests expedited discovery for the limited purpose of obtaining an accounting of the monies paid to the Buccellato, Pistilli and HedgeLender Defendants by the Spillans or any of their entities from September 1, 2005 to the present.

---

[2]Defendants contend that "Plaintiff's request for a Court-ordered accounting is essentially just a sub-species of his request for expedited discovery. As such, Defendants will address the two requests together." (Doc. # 28 at 2 n.1.) Thus, the Court too will address these two requests together.

Rule 26(d) provides in part as follows:

> Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f).

Fed. R. Civ. P. 26(d). "Rule 26(d) therefore permits the district court to order expedited discovery." *Arista Records, LLC v. Doe*, No. 2:07-CV-450, 2007 U.S. Dist. LEXIS 97283, at *5 (S.D. Ohio November 5, 2007) (citing as an example *Qwest Commc'n Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

"[E]xpedited discovery is appropriate upon a showing of good cause." *Id.* at *7; *see also Whitfield v. Hochsheid*, No. C-1-02-218, 2002 U.S. Dist. LEXIS 12661, at *3-4 (S.D. Ohio July 2, 2002) (applying good cause standard to expedited discovery). " 'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.' " *Id.* (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Here, Plaintiff alleges that he has repaid the loans that he had taken from Defendants and he has not yet received any of the stock from his company back. Each day Plaintiff is denied ownership, including all of the attributes that come with that ownership, in his company. Plaintiff alleges that some or all Defendants are still doing business with Michael Spillan. Plaintiff wants to engage in expedited discovery to gain information including the amount of commissions paid to these Defendants so that he may determine the extent of the involvement of these parties (financially and otherwise) and the extent to which they have reaped the benefit of the alleged scam over the past three years.

Contrarily, the Buccellato and Pistilli Defendants have not complained that they cannot

5

comply with discovery because it is too burdensome. Indeed, since the SEC has already taken depositions and obtained records from Buccellato, it seems evident that providing similar information to Plaintiff will not work a hardship upon her. As to the Pistilli Defendants, until they have been effectively served, this Court cannot subject them to this Opinion and Order.

The Court finds that, in consideration of the administration of justice, Plaintiff's need for the requested discovery outweighs the prejudice to Defendants. Thus, the Court **GRANTS** Plaintiff's motion for expedited discovery and an accounting as to all Defendants except the Pistilli Defendants, who have not been properly served yet.

### IV. Conclusion

A. The Court **GRANTS IN PART AND DENIES IN PART** the Pistilli Defendants' motion to dismiss. (Doc. # 25.) Specifically, the Court Orders the summons to the Pistilli Defendants **QUASHED**. Plaintiff shall be given until February 27, 2009 to effectuate proper service upon these Defendants.

B. The Court **GRANTS** the Pistilli Defendants' motion to strike. (Doc. # 42.)

C. The Court **GRANTS** Plaintiff's motion for expedited discovery and an accounting as to all Defendants except the Pistilli Defendants, who have not been properly served. (Doc. # 23.) Plaintiffs shall be given until February 27, 2009 to engage in discovery. That discovery shall be for the purpose of obtaining an accounting of the monies paid to the Buccellato Defendants and HedgeLender by the Spillans or any of their entities from September 1, 2005 to the present. Plaintiff shall be permitted to subpoena bank and trading records to verify information provided by these Defendants so that the records will encompass an wire transfers from the Spillans' trading accounts. Plaintiff shall also be permitted to depose these Defendants and to engage in

6

any other preliminary discovery to obtain the information needed to produce the accounting that is at issue here.

**IT IS SO ORDERED**.

                <u>  /s/ Gregory L. Frost   </u>
                **GREGORY L. FROST**
                **UNITED STATES DISTRICT JUDGE**