IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Carl Amari,                        :

    Plaintiff,                  :
                                        Case No. 2:08-cv-829
  v.                               :
                                         JUDGE FROST
Michael S. Spillan, et al.,        :

    Defendants.                 :

ORDER

This matter is before the Court on a second motion to quash service filed by defendant Rocco Pistilli, a resident of Canada. The allegations of this case are set out in the Court's order of December 19, 2008 (#43) and will not be repeated here. That order quashed an earlier attempt at service in light of the plaintiff's admission that service was insufficient. See Order, p. 3. In his current motion, Mr. Pistilli seeks to quash service pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5). For the following reasons, the Court concludes that the service issue involving Mr. Pistilli can be resolved only by an evidentiary hearing in this matter, or by another effort to perfect proper service.

I.

Fed.R.Civ.P. 4(f) provides, in relevant part, "an individual . . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." The Hague Convention provides for several methods by which service of process may be made. The principal method, set forth in Articles 2 through 7, is through a designated Central Authority, who in turn either

serves the documents or has them served by an appropriate agency. <u>Dimensional Communications, Inc. v. OZ Optics</u>, <u>Ltd.</u>, 218 F.Supp.2d 653 (D. NJ 2002); <u>see</u> <u>also</u> Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361. The Hague Convention also permits alternate methods of service as long as the receiving state does not object. <u>Id</u>. These alternate methods are set forth in Articles 8 through 11 and 19. Article 10(b) and (c) provide for service "directly through judicial officers, officials, or other competent persons of the State of destination." Article 19 provides for service to be made pursuant to the "internal law of a Contracting State" for documents coming from abroad. Here, Ontario, Canada is the State of destination or Contracting State and the applicable internal laws are contained in the Ontario Rules of Civil Procedure.

Rule 16.01 of the Ontario Rules of Civil Procedure provides that an originating process shall be served personally as provided in Rule 16.02 or by an alternative to personal service as provided in Rule 16.03. Personal service may be made upon an individual by leaving a copy of the document with the individual. Rule 16.02(1)(a). As an alternative to personal service, Ontario Rule of Civil Procedure 16.03(5) provides that, "[w]here an attempt is made to effect personal service at a person's place of residence and for any reason personal service cannot be effected, the document may be served by (a) leaving a copy in a sealed envelope addressed to the person, at the place of residence with anyone who appears to be an adult member of the same household; and (b) on the same day or the following day mailing another copy of the document to the person at the place of residence, and service in this manner is effective on the fifth day after the document is mailed."

II.

In a declaration made pursuant to 28 U.S.C. §1746 and attached to his motion to quash, Mr. Pistilli asserts the following. On December 9, 2008, he received, by ordinary mail, an envelope addressed to him. Pistilli Declaration, ¶4. This envelope had a United States Postal Service post mark of December 4, 2008, and contained a copy of the amended complaint in this action and a summons. Id. The summons did not bear the seal of this Court. Id. This envelope did not require a signed receipt for delivery. Id. On December 10, 2008, an individual delivered to his residence an envelope addressed to Mr. Pistilli. Id. at ¶5. This envelope contained a copy of the amended complaint but did not contain a summons or any other document. Id. On December 18, 2008, Mr. Pistilli received an envelope, by ordinary mail, addressed to him. Id. at ¶6. The envelope was stamped with four Canadian postal stamps but contained no postmark or other indication of the date of mailing. Id. This envelope contained a copy of the amended complaint but did not contain any summons or other document directing him to respond to the amended complaint. Id. No delivery receipt was required to be signed. Id.

Based on this declaration, Mr. Pistilli asserts that service of process should be quashed under Fed.R.Civ.P. 12(b)(5) for a number of reasons. First, Mr. Pistilli maintains that Mr. Amari's attempt at service by leaving a copy of the complaint at a personal residence with his father, who resides with Mr. Pistilli, does not satisfy the requirements for personal service under Ontario's Rules of Civil Procedure. Mr. Pistilli further contends that Mr. Amari did not satisfy the requirements for alternative service under Ontario's rules because he failed to mail an additional copy of the served documents on the same or following day. Additionally, Mr. Pistilli argues that his

3

receipt of copies of the complaint through the mail does not satisfy the requirements for service under the Hague Convention. Mr. Pistilli also asserts that Mr. Amari cannot claim successful service under Fed.R.Civ.P.4(f)(2)(C)(ii) because neither mailing he received was addressed and sent by the Clerk of this Court nor required a signed receipt. Finally, Mr. Pistilli contends that Mr. Amari failed to provide any form summarizing the contents of the documents or warning about their nature or consequences as suggested under the Hague Convention. Mr. Pistilli also argues that the purported service should be quashed for insufficient process under Fed.R.Civ.P. 12(b)(4) because neither the hand delivered envelope nor the second mailing included a summons. While the initial mailing included a summons, Mr. Pistilli contends, it is facially insufficient because it did not bear the seal of this Court.

In response, Mr. Amari asserts that Mr. Pistilli has been served properly pursuant to the alternative rules for service set forth in the Ontario Rules of Civil Procedure. In support of this position, Mr. Amari has provided an "affidavit of service" signed by the process server, Robie Elkhoury. According to this document, on December 9, 2008, the process server served Mr. Pistilli with a summons and amended complaint by leaving a copy of these documents at Mr. Pistilli's residence in a sealed envelope addressed to Mr. Pistilli with Mike Pistilli, an adult member of the household. Elkhoury Affidavit, ¶1. Further, on December 10, 2008, the process server mailed another copy of the documents to Mr. Pistilli at his place of residence. <u>Id</u>. As an alternative argument, Mr. Amari requests that this Court find that service is dispensed with, pursuant to Ontario Rules of Civil Procedure 16.04(1), as Mr. Pistilli has admitted to receiving the summons and complaint

In reply, Mr. Pistilli argues that the process server's

affidavit should be disregarded because it does not comply with the evidentiary requirements imposed on official documents from foreign countries. Further, Mr. Pistilli contends that, even if the Court were to consider the affidavit, it does not address the issue regarding the insufficiency of the summons. In fact, Mr. Pistilli notes, although the affidavit states that a copy of the summons is attached, it is not. This failure to provide proof of a facially sufficient summons, Mr. Pistilli argues, requires that the motion to quash be granted. Additionally, Mr. Pistilli maintains that the affidavit lacks credibility because the fact that he did not receive the second mailing until December 18 is proof that the process server did not mail the documents on December 9 or 10 - the day of service or the following day - as required by the Ontario Rules of Civil Procedure. Finally, Mr. Pistilli asserts that Mr. Amari is not entitled to an order of this Court dispensing with service. According to Mr. Pistilli, Mr. Amari's rationale for this request - that Mr. Pistilli is clearly attempting to evade service - is undercut by Mr. Pistilli's arguments before this Court addressing the insufficiency of service. Moreover, Mr. Pistilli contends that Mr. Amari has the burden of demonstrating proper service and cannot simply rely on Mr. Pistilli's knowledge of this action.

III.

A plaintiff bears the burden of perfecting service and of demonstrating proper service. Sawyer v. Lexington-Fayette Co., 18 Fed. Appx. 285 (6th Cir. 2001) (citing Byrd v. Stone, 94 f.3d 217, 219 (6th Cir. 1996)); see also Simmons v. C.I.R., 2007 WL 1701902 *1(S.D. Ohio, April 10, 2007); Campbell v. Angela Hospice Home Health Care, Inc., 2007 WL 4571456 *2 (E.D. Mich., Dec. 27, 2007). Here, Mr. Amari claims that service has been perfected under the Ontario Rules of Civil Procedure for alternative service. He relies on the affidavit of his process server as

evidence of proper service.

Assuming this affidavit meets the evidentiary standards for consideration by this Court, it is not responsive to Mr. Pistilli's declaration.  For example, this affidavit does not address the issues surrounding the summons, the gap of several days between a copy of the amended complaint being left with Mr. Pistilli's father and the delivery of a copy to Mr. Pistilli by ordinary mail, or why the envelope which contained the amended complaint received by Mr. Pistilli on December 18, 2008, did not bear a postmark or other indication as to when it was mailed. Absent any explanation of these issues in the process server's affidavit, a dispute of material facts exists regarding the sufficiency of service on Mr. Pistilli.  Consequently, the Court may be required to schedule an evidentiary hearing to resolve this factual dispute.  This evidentiary hearing would also serve to resolve Mr. Pistilli's concerns relating to the genuineness of the process server's affidavit.

In concluding that an evidentiary hearing may be necessary based on the current record, the Court is not persuaded by Mr. Amari's request that it dispense with service pursuant to Ontario Rules of Civil Procedure 16.04(1).  Assuming that provision's applicability to this Court, Mr. Amari has not demonstrated the impracticality of properly effecting service on Mr. Pistilli.  As an alternative to an evidentiary hearing, however, Mr. Amari may choose to re-serve Mr. Pistilli and provide appropriate proof of this service to the Court.

IV.

Based on the foregoing, if plaintiff so requests, the Court will schedule an evidentiary hearing on the sufficiency of service issue.  Alternatively, if plaintiff so chooses, he may re-serve Mr. Pistilli in a way that eliminates the issues raised by the latest attempt at service.  Such service should be

completed by February 27, 2009.  Absent either a request for a hearing or proof of service by that date, the motion to quash will be granted.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge