IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Carl Amari,  :

    Plaintiff,  :

  v.  :  Case No. 2:08-cv-829

Michael S. Spillan, et al.,  :  JUDGE FROST

    Defendants.  :

ORDER

On June 22, 2009, the attorneys and law firm representing defendants Lisa Buccellato and ML Financial Services moved for leave to withdraw. They subsequently submitted, under seal, a supplemental supporting memorandum. Ms. Buccellato and her company, ML, filed responses on July 10 and July 30, 2009. For the following reasons, the motion will be denied.

I.

The initial motion for leave to withdraw is brief. It asserts, without elaboration, that good cause exists to permit the attorneys to withdraw, and that they should be allowed to do so because they informed their clients of their intent to withdraw, notified them of all pending deadlines and schedules, and served the motion on them. It was not supported by any affidavits or other factual materials. The response filed to that motion requested that it be denied, and pointed out that even though counsel had not yet withdrawn, they failed to participate in a Rule 26(f) conference which was required to be held prior to the initial pretrial conference which was conducted on July 9, 2009.

The supplemental supporting memorandum, filed at the Court's direction, is much more detailed. It addresses the actual basis for the motion for leave to withdraw, which is counsel's view

that the defendants have failed to honor their financial commitments. Without revealing any details about the financial commitments that were made (and both filings which address this issue were filed under seal with the permission of the Court), it suffices to say that the parties entered into a written fee agreement in connection with another case filed in this Court, Case No. 2:07-cv-1141, and that Ms. Buccellato and ML did not meet their obligations under that fee agreement. The memorandum recites that they did make an effort to bring their account current, but by May 31, 2009, they had not only not done so, but were further in debt to counsel that they were on December 22, 2008, when counsel first pointed out the delinquency in the account and demanded payment. Thus, on June 15, 2009, counsel determined that they needed to withdraw from both cases. They have been permitted to withdraw in Case No. 2:07-cv-1141.

In response, the defendants note that there was never a specific agreement reached regarding counsel's representation of them in this case. They also assert that the fees which have been incurred as a result of this case are, for various reasons, unreasonable. Finally, they contend that counsel should not have accepted the case with full knowledge of their financial condition unless counsel fully intended to see the case through to conclusion.

II.

Because both parties appear to agree that there is no written fee contract which specifically pertains to counsel's representation of the defendants in this case, the Court must first address what type of contract, and what type of contractual provisions, are implied when an attorney begins representing a client with the client's knowledge, but without a written contract. The Court looks to Ohio law for the answer to this question.

Under Ohio law, "neither a formal contract nor the payment of a retainer is necessary to trigger the creation of the attorney-client relationship." Cuyahoga Co. Bar Ass'n v. Hardiman, 100 Ohio St. 3d 260, 262 (2003). Rather, such a relationship may arise by implication, based on the conduct of the lawyer and the expectations of the client. Id. Here, there appears to be no dispute that both parties acted in a way consistent with the belief, and expectation, of an attorney-client relationship which covered the defense of this case. Thus, the parties do have a contractual relationship. The more important question is, given the lack of any written or oral agreement as to the terms of that relationship, what does the law imply as to those terms?

It does not appear from the materials filed by both counsel and the defendants that there was any expectation that counsel would provide representation to the defendants in this case without receiving compensation. Thus, the Court concludes that it was a term of the contract that counsel be paid a reasonable fee for time reasonably spent on the case. That would be the measure of recovery if counsel sued for fees and the Court found that no express contract existed between the parties, but that counsel could recover on an unjust enrichment theory. See, e.g., Sheperak v. Ludlow, 2004 WL 1368327 (Fulton Co. App. June 18, 2004); see also Donald Harris Law Firm v. Dwight-Killian, 166 Ohio App. 3d 786 (Erie Co. 2006)(recovery of fees would be allowed in absence of express contract if the attorney's services conferred a benefit on the client, with the client's knowledge, and it would be unjust to allow the client to retain the benefit of the services without payment).

Given these principles, it seems clear that counsel had a reasonable expectation of payment for services rendered in this case. What is not so clear is whether counsel could reasonably

condition continued representation in this case upon payment of past due invoices in other cases, without making that an express term of the agreement.  It is also not clear, from the materials presented, what type of agreement may have been reached, if any, relating to how payments from the defendants would be allocated among their various legal matters once counsel undertook to represent the defendants in this case.  All of this underscores what the Ohio courts clearly recognize, namely that lawyers should appreciate "the importance, to the legal community and the public which we serve, of obtaining a written fee arrangement prior to undertaking legal representation on behalf of a client." Body, Vickers & Daniels v. Custom Machine, Inc., 77 Ohio App. 3d 587, 593 (Cuyahoga Co. 1991).

The Court believes that the record is not sufficiently clear to allow it to conclude that defendants have breached their fee agreement, as it pertains to this case, so as to permit counsel to withdraw based on a showing of good cause.  Therefore, the motion for leave to withdraw will be denied at this time.  The Court strongly recommends that, immediately upon receipt of this order, counsel and the defendants enter into a written fee agreement which will control for the remainder of this case, so that if such an agreement is breached in the future, there will be clear evidence of the breach and any withdrawal motion based on such a breach will not be subject to the same uncertainties which require the denial of the present motion.

III.

For the foregoing reasons, the motion for leave to withdraw as counsel (#58) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

   This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp<br>United States Magistrate Judge