UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL AMARI,

      Plaintiff,

      v.

MICHAEL SPILLAN, et al.,

      Defendants.

Case No. 2:08-cv-829
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike HedgeLender, LLC's Answer ("Plaintiff's Motion to Strike Answer/Enter Default") (Doc. # 68), the Memorandum of Defendant, HedgeLender, LLC Contra Plaintiff's Motion to Strike Answer ("HedgeLender's Memorandum in Opposition/Motion to Set Aside Default") (Doc. # 82), the Motion of Carl Amari For Summary Judgment as to Liability Against HedgeLender, LLC ("Plaintiff's Motion for Summary Judgment") (Doc. # 64), Response of Defendant HedgeLender, LLC to Plaintiff's Motion for Summary Judgment (Doc. # 71), and the Reply of Carl Amari to the Response of HedgeLender, LLC to Plaintiff's Motion for Summary Judgment (Doc. # 73). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Strike Answer, **GRANTS** HedgeLender's Memorandum in Opposition/Motion to Set Aside Default, and **DENIES** Plaintiff's Motion for Summary Judgment.

### **I. Background**

Plaintiff Carl Amari filed this action was filed on September 2, 2008, and an amended complaint was filed on September 22, 2008. On November 12, 2008, the amended complaint

1

was served upon Defendant HedgeLender, LLC. Under Federal Rule of Civil Procedure 12(a), HedgeLender was required to serve an answer within twenty days of being served with the summons and amended complaint. Fed. R. Civ. P. 12(a)(1)(A). HedgeLender, however, neither defended against the amended complaint filed against it nor had counsel enter an appearance on its behalf. HedgLender's out-of-state counsel, William Francis O'Shea, III, filed a response memorandum to a discovery motion and also participated in the Local Rule 65.1 Conference related to Plaintiff's request for emergency injunctive relief.

On December 15, 2008, based upon HedgeLender's failure to answer or otherwise defend, Plaintiff moved for default judgment. (Doc. # 35.) On December 16, 2008, the Clerk of this Court entered default against HedgeLender. (Doc. # 39.)

On December 17, 2008, this Court set aside the default, reasoning that although HedgeLender had failed to properly answer or otherwise defend against this action, HedgeLender had filed response memorandum to a discovery motion and also participated in the Local Rule 65.1 Conference related to Plaintiff's request for emergency relief. In that decision, the Court stated:

> HedgeLender LLC is hereby **ORDERED** to take any and all steps necessary to appear before this Court in this action.

(Doc. # 41.)

On January 13, 2009, Attorney O'Shea contacted this Court by email and indicated that by the end of that week local counsel would make an appearance on HedgeLender's behalf and that his "*pro hac vice* application will follow shortly."

On August 15, 2009, Plaintiff filed Plaintiff's Motion for Summary Judgment. (Doc. # 64.) In that motion, Plaintiff argues that there are no issues of material fact based upon

HedgeLender's failure to defend against this action. (Doc. # 64 "As a result of failing to answer, HedgeLender has admitted each and every allegation in the [amended] complaint."). That motion is fully briefed and ripe for decision.

On September 2, 2009, HedgeLender filed its answer. (Doc. # 66.) The first appearance of local counsel was when the answer was filed on behalf of HedgeLender.

On September 17, 2009, O'Shea filed his motion for leave to appear *pro hac vice* before this Court (Doc. # 74) and filed the appropriate accompanying paperwork the following day (Doc. # 75). Magistrate Judge Kemp granted O'Shea's motion on September 23, 2009. (Doc. # 78.)

On September 3, 2009, Plaintiff filed Plaintiff's Motion to Strike Answer/Enter Default. Plaintiff's Motion for Summary Judgment relies upon the fact that no answer was filed. (Doc. # 68.) That motion is ripe for review.

## II. Analysis

Plaintiff moves this Court to strike HedgeLender's answer under Rule 12(f) of the Federal Rules of Civil Procedure, which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f), however, by its clear text does not provide a vehicle to strike an untimely filed answer. *See also Heber v United States*, 145 F.R.D. 576 (D.C. Utah 1992) ("Rule 12(f) does not allow [relief for untimely filed Answer] unless the Answer contains an insufficient defense or redundant, immaterial, impertinent, or scandalous material"); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (Rule 12(f) not available to strike answer filed untimely).

3

This Court is persuaded by the analysis utilized by two sister district courts that addressed this exact situation:

> Failure to [file an answer within 20 days after being served] may result in an entry of default or default judgment under Federal Rule of Civil Procedure 55. Although styled as a Motion to Strike, the substance of Plaintiff's motion is that Petty's failure to file a timely response is a default, and his Motion to Strike is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a). *See Heber v. United States*, 145 F.R.D. 576, 577 (D. Utah 1992). Consequently, "the filing of a late answer is analogous to a motion to vacate a default," because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set it aside.' " *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D. N.Y. 1992) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Accordingly, Plaintiff's motion should be treated as a Motion for an Entry of Default and Petty's response as a Motion to Set Aside a Default. *See id.*; *Heber*, 145 F.R.D. at 577.

*McMillen*, 205 F.R.D. at 558 (D. Nev. 2002). *See Heber v United States*, 145 F.R.D. 576 (D.C. Utah 1992) (holding same, concluding that it would "treat[] Heber's motion [to strike answer] as a Motion for Entry of a Default Judgment, and the government's response as a Motion to Set Aside a Default").

Like the plaintiffs in *McMillen* and *Heber*, Plaintiff here has filed a motion to strike an answer, the substance of which argues that HedgeLender's failure to timely file an answer is a default. Thus, Plaintiff's motion is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a), and this Court accepts it as such. HedgeLender has filed a memorandum in opposition to Plaintiff's motion, in which it has received the opportunity "to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set it aside." *Id.* Thus, in substance HedgeLender's opposition memorandum is a motion to set aside a default, and this Court shall accept it as such. *See also United Coin Meter Co. v. Seabord Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("answer or

4

other opposition to a motion for default may be treated as a motion to set aside entry of default").

### A. Plaintiff's Motion to Strike Answer/Enter Default

HedgeLender argues that its answer should not be stricken because this "Court has already extended HedgeLender's time to answer the Amended Complaint by opening the default judgment and permitting HedgeLender to answer." (Doc. # 82 at 1.) HedgeLender then apologizes to the Court for taking "longer than expected to file its answer." *Id.* Accepting HedgeLender's premise, that the Court extended HedgeLender's time to answer when it set aside the first default entered against it, HedgeLender would have had twenty days from December 17, 2008, to file its answer. HedgeLender missed that date by nearly nine months.

It was not until Plaintiff filed his summary judgment motion, based upon HedgeLender's failure to file an answer, that HedgeLender filed its answer. HedgeLender's apology does nothing to mitigate this fact. Consequently, the Court **GRANTS** Plaintiff's Motion to Strike/Enter Default.

### B. HedgeLender's Memorandum in Opposition/Motion to Set Aside Default

Pursuant to Rule 55(c), a court may for "good cause" set aside an entry of default. Fed. R. Civ. P. 55(c). The decision of whether or not to set aside the entry of a default rests in the discretion of the trial court, which should construe such motions liberally in favor of the moving party. The equitable factors the Court must consider to determine whether "good cause" exists to set aside default judgment include: (1) whether the defendant's culpable conduct led to a default; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised are meritorious. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co.*,

705 F.2d at 845). Trials on the merits are favored, however, and any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong. *United Coin Meter Co.*, 705 F.2d at 846.

With regard to the first element the Court must consider, HedgeLender contends that it was unable to appear pursuant to this Court's order to do so because of financial difficulties. During this time, however, HedgeLender engaged in discussions with Plaintiff's counsel, including corroborating on the required Rule 26(f) Report that was filed with this Court. While it is a close call, considering HedgLender's history before this Court and the first default from which this Court relieved HedgeLender, the Court at this juncture concludes that HedgeLender did not intend to thwart the judicial proceedings or display a reckless disregard for the effect of their conduct on the judicial proceedings. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (addressing whether appellant's culpable conduct led to the default, noting that mere carelessness is not enough; rather, there must be "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings") .

As to the third element, HedgeLender claims that it has valid defenses on the merits while Plaintiff denies that is true. On the briefs before it, this Court cannot decide whether there is in fact any merit to any defenses offered by HedgeLender. As the case now stands, however, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co.*, 705 F.2d at 845 (need not show that defense will likely succeed). HedgeLender here has stated defenses recognized by law, *i.e.*, failure to state a claim upon which relief can be granted, failure to plead fraud with particularity, comparative

6

negligence, *in pari delicto*, estoppel, unclean hands, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, and failure to join indispensable party.

In considering the second factor, Plaintiff argues that he "has been placed in a financial stranglehold" because of the facts alleged in his amended complaint against HedgeLender. (Doc. # 68 at 6.) However, the fact that Plaintiff will have to litigate this action on merits, rather than proceed by default, does not constitute prejudice. Instead, "[t]he setting aside of a default must 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion' in order to be deemed prejudicial." *S. Elec. Health Fund v. Bedrock Servs.*, 146 Fed. Appx. 772, 778 (6th Cir. 2005) (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Here, Plaintiff has not shown any facts that show this type of prejudice. Indeed, the discovery deadline in this action is not until March 1, 2010. The only prejudice apparent is the cost Plaintiff has incurred in filing Plaintiff's Motion to Strike/Enter Default and Plaintiff's Motion for Summary Judgment, which in itself is insufficient support for denial of HedgeLender's motion.

Considering all of the factors before it, and remaining mindful of the law in this circuit favoring decision on the merits, although the showing made by HedgeLender is not strong the Court resolves this issue in favor of vacating the default judgment to which it just concluded Plaintiff was entitled. Thus, the Court shall not to strike HedgeLender's answer and, in effect, enter (a second) default against it. However, to ameliorate the prejudice sustained by Plaintiff on account of HedgeLender's failure to timely answer the amended complaint, the Court conditions the grant of HedgeLender's Memorandum in Opposition/Motion to Set Aside Default upon HedgeLender's reimbursement of Plaintiff's court costs and attorney fees incurred in filing his

motion to strike and his motion for summary judgment.  *See Winslow v. Kalamazoo Pub. Sch.*, No. 1:07-CV-65, 2007 U.S. Dist. LEXIS 42213, *6 (W.D. Mich June 11, 2007) (" '[A] district court has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed. R. Civ. P. 55(c).' ") (quoting *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) (accord 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2700 (3d ed. 2007); *see also United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 407 (S.D. N.Y. 2004) ("However, given the failure of the Inepar parties to appear by new counsel and comply with the order of the Court, the denial of the motion for a default judgment should be conditioned on the Inepar parties' payment of the plaintiffs' costs and attorneys' fees in bringing the current motion."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("In determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."); *Dunn v. Burch*, No. 3:05-CV-241-W, 2006 U.S. Dist. LEXIS 81193, *4-5 (W.D. N.C. Nov. 6, 2006) ("Ample and unimpeachable authority holds that this inherent power includes the authority to condition relief from default on payment of the opposing party's attorneys' fees and costs incurred in securing the entry of a default.").

The parties have until January 15, 2010, to agree to the amount due to Plaintiff for his court costs and attorney fees incurred in the filing of Plaintiff's Motion to Strike Answer/Enter Default and Plaintiff's Motion for Summary Judgment.  (Docs. # 64, 68, 73.)  If the parties cannot agree, Plaintiff shall forthwith file with the Court an itemization of his costs and attorney fees that will be considered promptly by this Court.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Strike Answer/Enter Default (Doc. # 68); however, the Court also **GRANTS** HedgeLender's Memorandum in Opposition/Motion to Set Aside Default with the **CONDITION** that HedgeLender reimburse Plaintiff for his costs and attorney fees incurred as a result of filing his Motion to Strike Answer/Enter Default and his Motion for Summary Judgment. (Doc. # 82.) Because the viability of Plaintiff's Motion for Summary Judgment hinged upon this Court's denial of HedgeLender's Memorandum in Opposition/Motion to Set Aside Default, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE